UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00165-FDW

| | |
|---|---|
| LESLIE MARLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Social Security Brief, (Doc. No. 10), Defendant's Brief, (Doc. No. 12), and Plaintiff's Reply Brief, (Doc. No. 14).[1] Having fully considered the written arguments, administrative record, and applicable authority, the Commissioner's Decision is **REVERSED**, and this matter is **REMANDED** for further proceedings consistent with this Memorandum and Order.

I.     BACKGROUND

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below. Plaintiff Leslie Marler filed the present action on October 31, 2022. (Doc. No. 1). Plaintiff assigns error to the Administrative Law Judge's ("ALJ") determination of her Residual Functional Capacity ("RFC").[2] Specifically, Plaintiff argues: (1) the ALJ did not account for Plaintiff's moderate difficulties with maintaining concentration, persistence, and pace in the

---

[1] Following amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.

[2] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

RFC; and (2) the ALJ did not properly assess Plaintiff's hearing loss or bilateral tinnitus. (Doc. No. 10, p. 7).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Fourth Circuit defined "substantial evidence" as being "more than a scintilla" and "do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see

also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). "But even under this deferential standard, we do not reflexively rubber-stamp an ALJ's findings." Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023) (cleaned up).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Id. (citation omitted); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion). Where the ALJ fails to build that logical bridge, the Court must remand for further proceedings. See Monroe, 826 F.3d at 189; Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017)).

### III. DISCUSSION

Relevant to the present discussion, Plaintiff argues the ALJ failed to include any limitation in her RFC regarding her ability to stay on task despite the ALJ's finding that Plaintiff had a moderate limitation in maintaining concentration, persistence, and pace. (Doc. No. 10, p. 7.) Plaintiff contends that the RFC limitation to "detailed but not complex instructions" corresponds to her moderate limitation in understanding, remembering, or applying information, not her moderate limitation in concentration, persistence, and pace. (Id. at 9.) For the reasons discussed below, the Court reverses the decision of the Commissioner and remands this matter for further proceedings consistent with this Order.

In *Mascio v. Colvin*, the Fourth Circuit held "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful

review." 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original). "[A]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work,'" because "the ability to perform simple tasks differs from the ability to stay on task." Id. at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). But this is not "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Rather, "an ALJ can explain why a claimant's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in the claimant's RFC." Id. (cleaned up) (citation omitted); see Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). Said differently, the ALJ must show her work. Shinaberry, 952 F.3d at 121. If this Court is "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions . . . remand is necessary." Mascio, 780 F.3d at 637.

Here, the ALJ concluded Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. (Tr. 1804). The ALJ explained:

> The claimant indicated that she has problems with concentration and completing tasks, and she said she could not pay attention long. However, she said she could care for animals, make simple microwave meals, and do household chores with encouragement. She also reported she could drive and shop in stores (Exhibit B5E). The claimant's reported activities indicate no more than moderate limitation in this area.

(Tr. 1804.) The ALJ then formulated Plaintiff's RFC as follows:

> [T]he claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must avoid all exposure to excessive noise defined as levels 4 or 5 in the SCO. The claimant can perform detailed but not complex instructions with only occasional interactions with coworkers and the public.

(Tr. 1805.)

The RFC limits Plaintiff to "perform detailed but not complex instructions with only occasional interactions with coworkers and the public." (Id.) As written, the RFC fails to account for a moderate impairment in maintaining concentration, persistence, or pace. Mascio, 780 F.3d at 638. But "the absence of a specific limitation in the RFC related to the mental limitation concerning 'concentration, persistence or pace' is not, standing alone, an indication of error." Foust v. Saul, No. 5:19-CV-00132-KDB, 2020 WL 6875157, at *6 (W.D.N.C. Nov. 23, 2020). Rather, the ALJ must explain why this moderate limitation "does not translate into a limitation in [Plaintiff]'s residual functional capacity." Mascio, 780 F.3d at 638.

Defendant relies on *Shinaberry v. Saul* for the proposition that the Fourth Circuit "reject[ed] a per se rule as advocated by Plaintiff [and] found that even a RFC restriction that 'implicitly' accounts for restrictions in concentration, persistence, or pace is sufficient so long as the record supports it." (Doc. No. 12, p. 11 (citing Shinaberry, 952 F.3d at 121)). Defendant points to medical evidence showing Plaintiff had "normal mental status findings," she cared for her in-laws, and she helped a friend with her yard. (Doc. No. 12, p. 10). Further, Defendant highlights the ALJ's finding that Plaintiff "'could care for animals, make simple microwave meals and do household chores' and could 'drive and shop in stores.'" (Doc. No. 12, p. 11; (quoting Tr. 1804)). Defendant also points to psychological records as support for the RFC. (Id. at 10–13).

Indeed, no per se rule exists requiring an ALJ to account for moderate limitations in concentration, persistence, or pace in the RFC; however, an ALJ must explain why such limitations do not affect Plaintiff's ability to work. Shinaberry, 952 F.3d at 121; see Foust, 2020 WL 6875157, at *6 (finding "the ALJ's discussion of the moderate mental limitation of 'concentration, persistence and pace' in this case, while not omitted entirely, is closer to the facts in *Mascio* than *Shinaberry*").

Here, the ALJ noted that "[w]ith regard to mental impairments, the records showed minor deficits and routine management." (Tr. 1807.) The ALJ highlighted Plaintiff's varying medical records regarding her concentration, among other impairments. (Tr. 1807.) The ALJ concluded that "[w]hile the claimant did note difficulty following instructions and concentrating (Exhibit B5E), the mental status examinations did not support limitations related to simple tasks, instructions, or similar restrictions." (Tr. 1809.) The ALJ acknowledged Plaintiff's "impaired cognitive ability, variable attention, thought content deficits and intact memory" but seemingly contrasted these findings with her ability to "help[] her in laws tend to their daily needs." (Tr. 1808.) The ALJ also noted that Plaintiff "testified that the only reason she was disabled was her hearing" and "medication controlled [her mental health] symptoms," but the ALJ determined that her "testimony is not consistent with the full extent of these administrative findings." (Tr. 1809.) After reviewing medical opinion evidence, the ALJ determined that "the simple task limitations are [not] supported by the evidence," and limited Plaintiff to "detailed but not complex tasks." (Tr. 1809–10.) Notably, the ALJ gave "little weight" to the consultative examiner who opined that Plaintiff's disability was limited to hearing loss, not her mental health difficulties. (Tr. 1810.)

Although the ALJ highlighted some evidence about Plaintiff's mental impairments, the ALJ's decision fails to specifically connect the evidence that perhaps could be considered as minimizing Plaintiff's limitations in concentration, persistence, and pace to the absence of any limitation in the RFC for that impairment. See Jeter v. Kijakazi, No. 3:21-CV-00264-MR, 2022 WL 3440642, at *5 (W.D.N.C. Aug. 16, 2022) ("The ALJ failed to explain, however, how these limitations in the RFC also account for the Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace and why additional limitations are not necessary."); Foust, 2020 WL 6875157, at *6 (ALJ failed to "clearly explain how the RFC reflects Plaintiff's moderate

limitation in 'concentration, persistence and pace,' whether or not a specific limitation in that regard is included in the RFC.").

The ability to perform certain tasks is distinguishable from the ability to stay on task; only the latter pertains to a limitation in concentration, persistence, or pace. Mascio, 780 F.3d at 638 (4th Cir. 2015). Here, the ALJ failed to provide any specific conclusions about or otherwise explain Plaintiff's ability to perform a job for a full eight-hour workday despite her moderate limitations. See, e.g., Worthy v. Colvin, No. 1:15-3555-MBS-SVH, 2016 WL 3102121, at *20 (D.S.C. May 6, 2016) (The ALJ "should have either included in the RFC assessment limitations related to Plaintiff's abilities to stay on task and maintain pace or explained how the RFC he assessed accommodated Plaintiff's moderate limitations in concentration, persistence, or pace."); Linda W. v. Saul, No. 7:20-CV-27, 2021 WL 930274, at *6 (W.D. Va. Feb. 18, 2021) ("[T]he ALJ failed to draw an explicit conclusion or satisfactorily explain how [the claimant's] mental limitations affect her ability to perform job-related tasks for a full eight-hour workday.").

It is the ALJ's responsibility—not this Court's—to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). Though acknowledging this case presents a close call, the Court finds the hearing decision in its present form does not logically explain the ALJ's decision to exclude from the RFC any account for Plaintiff's moderate limitations in concentration, persistence, and pace, leaving this Court "to guess about how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 637. Accordingly, remand is warranted so the ALJ can clearly articulate his findings.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Commissioner's decision is **REVERSED**, and this matter is **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g)[3] for further review consistent with this Order.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**IT IS SO ORDERED.**   Signed: March 20, 2025

Frank D. Whitney
United States District Judge

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990). In this case, a new hearing is required. In ordering remand, the Court expresses no opinion as to Plaintiff's remaining assignment(s) of error nor to the ultimate merits of her claim. See Flack v. Berryhill, No. 1:17-CV-00272-MR, 2018 WL 3543088, at *6 (W.D.N.C. July 23, 2018) ("In light of this decision remanding the case for further administrative proceedings, Plaintiff's remaining assignments of error need not be addressed but may be raised by her on remand.").